## Commonwealth v. De Franco

612

*Smillie, Bean & Scirica,* for plaintiff.
*William L. Huganir,* for respondent.

KNIGHT, P. J., November 9, 1954.—These are the undenied facts. Domenick De Franco and Josephine A. Seliga were married on October 7, 1925, and the one child of the marriage, Dolores De Franco, was born August 19, 1928. The parties separated, and on September 10, 1931, a proceeding was instituted in the Municipal Court of Philadelphia by Josephine De Franco, now Josephine Anna Meehan, against Domenick De Franco to obtain support for the child, Dolores De Franco, now Dolores Harner. On March 2, 1932, Josephine De Franco made information before Isaac Kehoe, a justice of the peace of Montgomery County, charging Domenick De Franco with desertion and nonsupport. Defendant was arrested, given a hearing and held under bail for court.

On May 6, 1932, after hearing in this court, the hearing judge made an order directing defendant to pay through the Chief Desertion Officer of Montgomery County to Josephine Seliga De Franco for the support of their daughter, Dolores De Franco, the sum of $20 per month, and to give bond with surety to be approved by the court in the sum of $300, conditioned for the faithful performance of the order.

Defendant was unable to furnish the bond required and was committed to the Montgomery County Prison. On May 20, 1932, the hearing judge fixed another hearing in the matter for June 3, 1932. On June 9th a further hearing was held in the case and the order of May 6th was amended by providing that defendant give his own bond in the sum of $5,000 for the faithful performance of the order of May 6, 1932. Defendant executed the bond and was released. Defendant has

never made any payments on the order and has never avoided payment by flight or in any way concealing his whereabouts. The parties were divorced on October 4, 1935, and both have remarried. Defendant and his second wife have two children. The daughter, Dolores De Franco, now Dolores Harner, is now 26 years of age. She graduated from school on June 10, 1946, when she was nearly 18 years of age, and immediately got a position at $33 per week and has been self-supporting ever since. The mother, Josephine De Franco, now Meehan, has assigned all interest she may have in the above bond of $5,000 to her daughter, Dolores De Franco Harner.

No proceedings were taken to collect under the provisions of the bond until recently when an action on the bond was commenced in the common pleas court of this county.

This case raises several questions which we must consider. Defendant testified that the mother of Dolores waived all payments under the support order if defendant would keep away from herself and her child and forego his right of visitation. The mother denies this and we think the probabilities of the case and the circumstances corroborate the mother. Even if such an agreement were made, it would not be binding on Dolores; a mother may not bargain away the right of a child to the support of its father.

Did the prior proceeding in the Municipal Court of Philadelphia oust the jurisdiction of this court? The stipulation filed shows that a proceeding was commenced in Philadelphia, but it does not show how far the proceeding was advanced. There is no evidence that defendant was arrested and brought into court in Philadelphia, but the stipulation does show that no order for the support was entered against him there. The proceeding in Philadelphia was apparently abandoned and this fact is corroborated by the testimony of the

mother that she was told by the authorities in Philadelphia to bring her complaint to Montgomery County because defendant lived there. The mother could have withdrawn her action in Philadelphia and this is in effect what she did. We are of the opinion that the jurisdiction of this court is not ousted by the prior action in Philadelphia.

Turning now to that portion of the rule which applies to a reduction of the amount of the support order, this usually and normally means a reduction in the amount of the weekly or monthly payments. We are of the opinion that this part of the rule must be discharged for several reasons:

Orders for support are prospective, not retroactive, and it is questionable if we could reduce the order as of some time in the past.

The order was fair and just when it was made. If at that time, and for some time thereafter, it was beyond the ability of defendant to pay it he could have come into court and had it reduced. Not having availed himself of this right, he is presumed to have waived it.

And lastly, the application to reduce comes too late. A man may not allow an order for support to exist for 22 years and then come into court and ask to have it reduced when all those years he has not paid one penny in compliance with the order.

We next consider that portion of the rule which applies to the remittance of arrearages. It is sufficient to say in this respect that all arrearages which have accrued after June 10, 1946, should be and are remitted.

Should the order be vacated? We have examined the pleadings and the evidence in this case and we can find no valid reason for vacating this order. Defendant has not complied with the order of the court and we know of no statute of limitations which runs against a court order. Even if such were the case, it would only go to the collection of the arrearages and not to

the order itself. If no arrearages existed, of course, the order should be vacated, because the child for whose benefit it was made is and has been self-supporting and is long past the age up to which it was defendant's duty to support her.

The petition for the rule avers without denial that Dolores De Franco Harner is not and never has been a public charge but we do not decide here for whose benefit the bond was given or whether Dolores or her mother have or ever have had any interest in the bond. That will be decided in the assumpsit action now pending in this court. All we decide now is that the order should not be vacated.

And now, November 9, 1954, the rule is made absolute insofar as it applies to arrearages accrued after June 10, 1946. In all other respects the rule is discharged.